UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

          Plaintiff,

v.

DAN PACHOLKE *et al.*,

          Defendants.

Case No.  C07-5631FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
February 15, 2008**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for a temporary restraining order. (Dkt. # 6).  Defendants have responded (Dkt. # 9).  The time for filing a reply has expired.  Plaintiff did not file a reply and has entered a change of address showing he is no longer incarcerated (Dkt. # 11).  Having reviewed the file the court recommends the motion for injunctive relief be **DENIED**.

<u>FACTS</u>

      In this action plaintiff alleges he was placed in a dry cell for two hours for no penological reason by Correctional Officer Tammy Nikula (Dkt # 4).  Plaintiff alleges he asked repeatedly to use the bathroom and eventually defecated and urinated on himself.  He asks for a restraining order to prevent Tammy Nikula from working around or near him.  He also asks defendant Nikula be prevented from retaliating against him or

REPORT AND RECOMMENDATION
Page - 1

interfering with his medical treatment. Finally, plaintiff asks that he be provided with "necessary and required medical care and treatments." (Dkt # 6). Plaintiff's motion should be denied as he is no longer in custody and lacks standing to seek any form of injunctive relief. In the alternative the motion should be denied as plaintiff fails to show an immediate threat of irreparable injury and no adequate remedy at law.

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

In order to seek any form of injunctive relief the plaintiff must have standing. Mr. Walls has been released from incarceration and he is no longer at Stafford Creek Corrections Center. The concept of standing has been carefully analyzed in the Ninth Circuit. To have standing plaintiffs' threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). As Mr. Walls no longer has standing to seek injunctive relief.

In the alternative, the pleadings show that on one occasion plaintiff was allegedly placed in a dry cell for no reason (Dkt # 4). He alleges defendants retaliated against him for his filing grievances and that defendants failed to perform appropriate medical evaluations, order diagnostic tests, or prescribe pain medication to him (Dkt # 6). While plaintiff provides a number of exhibits, he does not reference which exhibits he alleges supports his contention he is entitled to injunctive relief. The court has reviewed the 151 pages of exhibits (Dkt # 6, exhibits).

The first exhibit is a copy of the complaint. It contains allegations without supporting evidence. The second exhibit is an appeal from a general infraction and the appeal was granted and the infraction dismissed. The third exhibit contains search forms that are for the most part illegible.

The fourth exhibit contains documentation showing he submitted a large number of grievances. He

repeatedly complains the grievances were not answered in a timely manner. Exhibit five shows plaintiff complaining of another inmate returning to Stafford Creek and Plaintiff raises concerns for his own safety. The other inmates' name is Darren Lediges. This action does not contain any claim for failure to protect, or any allegation regarding this incident.

Exhibit six is a number of medical documents showing Mr. Walls receiving treatment for orthopedic issues. There is nothing to show the medical treatment and accommodations made for Mr. Walls was not adequate.

Exhibit seven contain the allegation that Mr. Walls complained about an inmate, Wilson, and at one point in time Mr. Walls requested protective custody. Inmate Wilson later assaulted Mr. Walls. Again, the complaint in this action contains no claim of failure to protect. The remainder of the exhibits are either witness statements concerning the assault or complaint that Mr. Walls did not receive a copy of a grievance he filed.

Past alleged improper activity does not give standing for injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Plaintiff cannot show an immediate threat of irreparable injury and no adequate remedy at law. The motion for injunctive relief should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008**, as noted in the caption.

DATED this 11 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3